COURT OF APPEALS
DECISION
DATED AND FILED

October 6, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal Nos. **2020AP140-CR**
**2020AP141-CR**
**2020AP142-CR**

Cir. Ct. Nos. **2014CF1531**
**2015CF908**
**2015CF909**

**STATE OF WISCONSIN**

**IN COURT OF APPEALS**
**DISTRICT II**

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

  V.

DEREK J. DEGROOT,

    DEFENDANT-APPELLANT.

APPEALS from judgments and an order of the circuit court for Waukesha County: LEE S. DREYFUS, JR., and LAURA F. LAU, Judges. *Affirmed*.

Before Gundrum, P.J., Neubauer and Reilly, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. In these consolidated appeals, Derek J. Degroot, pro se, appeals from judgments and an order denying his motion for postconviction relief.[1] Degroot argues: (1) he was improperly denied the right to self-representation; (2) his trial counsel was ineffective in numerous ways; and (3) the prosecutor and the circuit court engaged in misconduct. We disagree in all regards and affirm.

## *Background*

¶2 According to the criminal complaint in Waukesha County case No. 2014CF1531, K.S. accused Degroot of touching K.S.'s penis and performing oral sex on K.S. when K.S. was thirteen. During a search of Degroot's residence, the police discovered hypodermic needles, burnt spoons, and glass smoking devices. The State charged Degroot with sexual assault of a child under the age of sixteen, child enticement, and possession of drug paraphernalia.

¶3 Degroot posted bail on the charges. As a condition of his release, Degroot was prohibited from possessing or consuming alcohol. While out on bail, the police found Degroot intoxicated in a Waukesha park with a mostly empty bottle of vodka. The State charged him with felony bail jumping in Waukesha County case No. 2015CF908.

---

[1] The Honorable Lee S. Dreyfus, Jr., entered the judgments of conviction. The Honorable Laura F. Lau issued the order denying Degroot's postconviction motion.

¶4 Meanwhile, the police were investigating accusations by A.L. that Degroot had touched A.L.'s penis and had anal sex with him. Degroot babysat A.L. when A.L. was between six and nine years old. Following these allegations, the State charged Degroot with two counts of first-degree sexual assault of a child under the age of thirteen in Waukesha County case No. 2015CF909.

¶5 The cases were joined for trial, and a jury convicted Degroot of all of the charges. The circuit court imposed sentences totaling twenty years of initial confinement and twenty years of extended supervision followed by fifteen years of probation.[2]

¶6 Degroot, pro se, filed a postconviction motion making the same arguments he pursues on appeal. The circuit court denied the motion without holding a hearing and this appeal follows.

## *Discussion*

**(1) The circuit court did not err when it denied Degroot the right to represent himself.**

¶7 We first address Degroot's assertion that he was denied the right to self-representation. Degroot contends that after he raised issues about trial counsel's effectiveness, the circuit court failed to conduct a proper colloquy pursuant to *State v. Klessig*, 211 Wis. 2d 194, 564 N.W.2d 716 (1997), and instead, simply inquired as to whether or not he understood certain aspects of the

---

[2] For the charges of second-degree sexual assault of a child and child enticement in case No. 2014CF1531, the circuit court stayed sentences of ten years of initial confinement and ten years of extended supervision on each charge and imposed fifteen years of probation.

3

law, in particular, hearsay.

¶8 Our analysis of the circuit court's ruling starts with the principle that the right to self-representation is not absolute. *See State v. Oswald*, 2000 WI App 3, ¶28, 232 Wis. 2d 103, 606 N.W.2d 238. A court considering whether to permit a person to proceed pro se must balance the person's right to do so against the State's interest in "avoiding any interference with the orderly administration of justice and preserving the integrity of the trial process." *See Hamiel v. State*, 92 Wis. 2d 656, 672, 285 N.W.2d 639 (1979). The right to proceed pro se is "not intended to allow the defendant the opportunity to *avoid or delay* the trial for any unjustifiable reason." *Id.* at 673. Accordingly, the decision to grant or deny a belated request to proceed pro se rests in the circuit court's discretion, and "[w]here the request to proceed *pro se* is made on the day of trial or immediately prior thereto, the determinative question is whether the request is proffered merely to secure delay or tactical advantage." *See id.* at 672-73.

¶9 In this case, Degroot made his request mid-trial. Specifically, he asked to represent himself the morning of the second day of trial, following jury selection and an afternoon of testimony. Degroot told the circuit court that he wanted to fire his trial counsel because there was a "big conflict" between the two of them and said trial counsel was "just doing a terrible job." Degroot went on to repeatedly express frustration that his cases had not been resolved prior to trial, and he suggested that he had received an offer from the prosecutor at one point during the proceedings.

¶10 In response, the circuit court noted that Degroot's request came "in the middle of trial" and that at that point in the proceedings, the prosecutor was "quite clear that he believes you committed the offenses that are charged and is

pursuing prosecution on that, and the jury will have to make that determination." The court further noted that even if an offer had been made at one point, for "whatever reason" an agreement was not reached and "[t]hat resolves that issue." The court went on to ask Degroot about whether he was capable of representing himself, to which Degroot responded that it would take him "about a month" to have a sufficient understanding of the applicable law and trial procedures.

¶11 After considering both the late timing of the request and what appeared to be primary reason for it—Degroot's desire for a plea agreement—the court denied Degroot's request to represent himself. We will uphold a discretionary decision if the circuit court considered relevant facts, applied a proper legal standard, and reached a reasonable conclusion. *See State v. Edmunds*, 2008 WI App 33, ¶8, 308 Wis. 2d 374, 746 N.W.2d 590. The court's decision to deny Degroot's request to proceed pro se constituted a reasonable exercise of discretion.

¶12 We recognize that during its exchange with Degroot, the circuit court did ask him if he could define hearsay. This appears to have been an attempt by the court to assess whether Degroot could be an effective advocate for himself at trial and whether he could present a meaningful defense. Pointing to *Faretta v. California*, 422 U.S. 806, 836 (1975), in which the Supreme Court held that technical legal knowledge is not relevant to assessing a request to proceed pro se, Degroot argues that this was improper. Assuming without so holding that the court considered an irrelevant factor in resolving Degroot's motion to represent himself, that assumption does not alter our conclusion. We look for reasons to sustain a circuit court's discretionary decision, *see State v. Nantelle*, 2000 WI App 110, ¶12, 235 Wis. 2d 91, 612 N.W.2d 356, and we will not reverse an exercise of

5

discretion unless it "is wholly unreasonable," *see* ***State v. Johnson***, 118 Wis. 2d 472, 481, 348 N.W.2d 196 (Ct. App. 1984). The court's decision to deny Degroot's request to represent himself is properly supported, regardless of any additional findings the court may have made as to Degroot's technical legal knowledge.

¶13 Additionally, we note that insofar as Degroot claims the circuit court erred when it failed to engage in a colloquy pursuant to ***Klessig***, he is wrong. The circuit court was not required to confirm that Degroot knowingly and voluntarily waived his right to counsel given that his request was untimely.

**(2)** **Degroot has not shown that his trial counsel was ineffective.**

¶14 We turn to Degroot's assertion that his trial counsel was ineffective in six ways. To establish a claim of ineffective assistance of counsel, a defendant must show both that counsel's performance was deficient and that such performance prejudiced the defense. ***Strickland v. Washington***, 466 U.S. 668, 687 (1984). "To prove constitutional deficiency, the defendant must establish that counsel's conduct falls below an objective standard of reasonableness." ***State v. Love***, 2005 WI 116, ¶30, 284 Wis. 2d 111, 700 N.W.2d 62. "To prove constitutional prejudice, the defendant must show that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" ***Id.*** (citations and one set of quotation marks omitted). A reviewing court need not address both prongs of the analysis if the defendant makes an insufficient showing on either one. ***Strickland***, 466 U.S. at 697.

6

¶15    When a defendant pursues postconviction relief based on trial counsel's alleged ineffectiveness, the defendant must preserve trial counsel's testimony in a postconviction hearing. *See* *State v. Machner*, 92 Wis. 2d 797, 804, 285 N.W.2d 905 (Ct. App. 1979). However, a defendant is not automatically entitled to a hearing upon filing a postconviction motion that alleges ineffective assistance of counsel. Rather, to earn a hearing on a postconviction motion, the defendant must allege "sufficient material facts that, if true, would entitle the defendant to relief." *State v. Allen*, 2004 WI 106, ¶9, 274 Wis. 2d 568, 682 N.W.2d 433.

¶16    If the motion alleges sufficient facts, a hearing is required. *Id.* If the motion is insufficient, if it presents only conclusory allegations, or if the record conclusively demonstrates that the defendant is not entitled to relief, the circuit court may exercise its discretion in deciding whether to grant a hearing. *Id.* We review the court's discretionary decision under the deferential erroneous exercise of discretion standard. *Id.* We will address each of Degroot's claims against his trial counsel in turn.

a. Failure to hire an expert.

¶17    Degroot contends that he insisted that his trial counsel hire an expert to testify about "the libido-killing effects" of methadone, which Degroot was taking at the time of the alleged offenses. He submits that the presentation of these facts would have allowed the jury to understand the negative effect of the medication on motive and ability to commit the alleged offenses.

¶18    Degroot's assertions are conclusory. He did not show that such an expert existed or explain with any degree of specificity what the purported

7

expert's testimony would have revealed. He merely cites two studies on the side effects of methadone and goes on to speculate that the failure of counsel to make these side effects known is enough to establish prejudice. Speculation, however, is insufficient to satisfy the prejudice prong of **Strickland**. *See **State v. Erickson***, 227 Wis. 2d 758, 774, 596 N.W.2d 749 (1999).

b. Failure to investigate and review discovery.

¶19 Next, Degroot claims that his trial counsel failed to investigate the discovery material provided by the State, which resulted in the admission of "false evidence" of phone and Facebook communications. Proper investigation, Degroot contends, would have yielded vital impeachment evidence against numerous witnesses.

¶20 Specifically, Degroot asserts that investigation would have disproved testimony that K.S. broke his cell phone on November 22, 2014. However, Degroot fails to develop an argument as to how proving that K.S.'s phone was not broken would result in a reasonable probability that the result of his trial would have been different given the other evidence against him, which included K.S.'s own testimony about the assaults. Because his allegations are inadequate to show prejudice, this argument fails.

c. Failure to ensure Degroot received a fair trial.

¶21 Degroot also alleges that trial counsel failed to ensure he was provided a fair and impartial jury by not striking a juror who indicated he was a mandatory reporter of sexual abuse. As support, Degroot offers only that the juror was biased. The record, however, refutes this given that the juror in question

8

agreed he "could be fair and impartial and open minded" notwithstanding his prior experience with reporting abuse. This conclusory argument fails.

### d. Failure to present impeachment evidence.

¶22    Degroot contends that trial counsel was ineffective because he failed to impeach two of the State's witnesses with evidence that they purportedly had motive to testify falsely because Degroot previously was involved in civil disputes with them. Degroot's motion failed to identify the witnesses, explain the nature of the litigation, or develop a cogent argument as to impeachment. This undeveloped argument fails.

### e. Failure to object.

¶23    Degroot argues that trial counsel was ineffective for failing to object to testimony that Degroot had committed a burglary, that he gave A.L. something to drink from a beaker, and that A.L. was telling the truth. Degroot further contends that trial counsel failed to object to what he contends was an improper closing argument by the prosecutor. Even if we assume without deciding that this constitutes deficient performance, Degroot failed to adequately allege that he was prejudiced. He does not explain why the outcome of trial would have been different if counsel had successfully objected to the testimony at issue and during the prosecutor's closing argument.

¶24    Without any additional explanation, Degroot asserted that he was prejudiced because the jury could conclude that if A.L. was telling the truth, then the other victim, K.S., was too. Degroot additionally asserted that the improper closing argument prompted the jurors to consider factors other than the evidence when reaching their verdict and that the jury's confusion was evident in its notes

to the court. However, Degroot never develops his argument beyond this and does not describe the notes' contents. These conclusory allegations are insufficient to show prejudice.

f. Failure to call witnesses.

¶25 Degroot additionally argues that trial counsel was ineffective for failing to secure material witnesses crucial to the defense; namely, one of his co-workers and a forensic interviewer. He asserts that his co-worker would testify that he and Degroot worked with K.S. painting houses, which would have "establish[ed] a genuine reason outside of a perverted presumption for the association." Degroot does not explain whether he told trial counsel about his co-worker or develop an argument as to how the co-worker's testimony would have led the jury to believe that Degroot was not guilty of the charges involving K.S.

¶26 As to the forensic examiner, Degroot highlighted A.L.'s testimony reflecting that A.L. spoke with the examiner and trial counsel's acknowledgment that she did not call the examiner as a witness. Degroot does not, however, develop an argument as to what information trial counsel could have elicited from the forensic examiner or how it would have changed the outcome of his trial. These allegations are insufficient to show prejudice.

**(3)    Degroot has not shown that the prosecutor and the circuit court engaged in misconduct.**

¶27 We turn our attention to Degroot's seven claims of prosecutorial misconduct and five claims of judicial misconduct. Degroot contends that the prosecutor violated **_Brady v. Maryland_**, 373 U.S. 83 (1963), manipulated disputed evidence, suppressed accusations, violated a witness sequestration order, presented

10

surprise evidence, elicited perjured testimony, and elicited undisclosed evidence. In terms of judicial misconduct, Degroot claims the circuit court interfered with his review of discovery, lent its judicial power to the State, provoked a potential mistrial, refused to appropriately instruct the jury based on its fear that Degroot would not be convicted, and engaged in egregious conduct to prevent acquittal.

¶28   Degroot's briefing contains numerous complaints about the circuit court proceedings in these matters. The briefs fail, however, to develop coherent arguments that apply relevant legal authority to the facts of record, and instead rely largely upon transcript excerpts taken out of context coupled with conclusory and speculative assertions. "A party must do more than simply toss a bunch of concepts into the air with the hope that either the … court or the opposing party will arrange them into viable and fact-supported legal theories." *State v. Jackson*, 229 Wis. 2d 328, 337, 600 N.W.2d 39 (Ct. App. 1999). Consequently, this court need not consider arguments that are unsupported by adequate factual and legal citations or are otherwise undeveloped. *See State v. Pettit*, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992) (undeveloped legal arguments).

¶29   While we make some allowances for the failings of parties who, as here, are not represented by counsel, "[w]e cannot serve as both advocate and judge," *id.* at 647, and will not scour the record to develop viable, fact-supported legal theories on the appellant's behalf, *Jackson*, 229 Wis. 2d at 337.

¶30   Here, Degroot has failed to adequately develop his arguments as to prosecutorial and judicial misconduct legally and to properly support the arguments factually. Therefore, we affirm on this basis.

*By the Court.*—Judgments and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5. (2019-20).